SCHOOL DIRECTORS OF UNION DISTRICT No. 2, ETC.

*v.*

## J. W. BOOMHOUR.

CONTRACT—*not enforced when obtained by misrepresentations.* Where an applicant for a school was informed by the directors that a teacher had already been employed upon the condition she procure a certificate within a given time, and such applicant assured the directors that the teacher could and would not get such certificate, and, upon this, was employed to teach, but the teacher first employed did procure the certificate and was given the school, it was *held*, in an action by such applicant against the district for his wages, that, whether his representations of the facts were willfully or innocently made, they being untrue, he had no right to recover.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

This suit was commenced before a justice of the peace, by J. W. Boomhour, to recover damages for a breach of a contract which he alleges he made with the school directors of Union District No. 2. The court, to whom the cause was submitted for trial without the intervention of a jury, found for plaintiff $60. A motion for a new trial was overruled, and judgment rendered for plaintiff for the amount found due, together with costs, and "that he have execution therefor." Defendants bring the cause to this court on appeal.

Mr. H. C. HYDE, for the appellant.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The finding and judgment of the court are plainly and manifestly against the weight of evidence, and so palpable is the error, the judgment, for that cause, must be reversed. When plaintiff applied to defendants to teach their district school, they distinctly informed him it was conditionally engaged to Miss Swartz, and if she succeeded in getting a certificate of

qualification that week at the teachers' institute, then in session at Lena, she was to have the school; but he assured them she could not get a certificate, for the reason, as he "understood, there would be no examinations for teachers that week." Other testimony is much stronger, but this is plaintiff's own statement, and in that he was clearly mistaken. One object in holding the institute, as stated by the county superintendent of schools, was, that an examination of teachers might be had, and, he states, public announcement was made that such examination would take place. Plaintiff was present at that meeting of the institute, but whether he heard the announcement or not, the superintendent does not know. That such examination would be held was a matter of public notoriety, and as it was of special interest to those assembled, it must have been the subject of conversation.

The fact is uncontroverted, Miss Swartz was at that session of the institute, was examined, and received the usual certificate of qualification. On presenting it to defendants, they gave her the school, according to their original agreement with her, and refused to allow plaintiff to teach, and so notified him at once by letter. In this they did right. Plaintiff's employment was induced either by a misrepresentation or a misapprehension of facts, and he could not demand the performance of his alleged contract. Defendants were misled by the erroneous information communicated by plaintiff, and he will not be permitted to make his wrongful conduct a ground of an action in his favor. Whether his representations of facts were willfully or innocently untrue, is a question about which we need express no opinion. The effect is the same, whether he knew they were untrue or not.

Legally, Miss Swartz was entitled to the benefit of her contract with defendants, and they never would have negotiated with plaintiff concerning the school had it not been for his representation she could not obtain the requisite certificate. On these principal facts there is absolutely no conflict in the testimony. It is all one way. There is not a shadow of jus-

tice in the claim put forth by plaintiff, and in no view that can be taken, can he be permitted to recover.

The judgment of the court below will be reversed.

*Judgment reversed.*